UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE ANDERS,

    Plaintiff,

v.

    Case No. 20-cv-11991
    Hon. Matthew F. Leitman

JOCELYN BENSON *et al.*,

    Defendants.

_____/

## ORDER DIRECTING PLAINTIFFS TO JUSTIFY THE JOINDER OF PARTIES AND CLAIMS IN AMENDED COMPLAINT

On July 26, 2020, Plaintiff Shane Anders filed a six-count Complaint against several Defendants pursuant to the Court's federal-question jurisdiction. (*See* Compl., ECF No. 1.) On August 6, 2020, Anders and three new Plaintiffs (Robert Davis, Venias Jordan, Jr., and Leigh Reed-Pratt) filed an eleven-count Amended Complaint against eleven Defendants: Jocelyn Benson (Michigan's Secretary of State), the Wayne County Election Commission, the Wayne County Board of Canvassers, Cathy M. Garrett (the Wayne County Clerk), Judge Timothy Kenny, Jennifer Redmond (the Deputy Director of Elections for Wayne County), Gil Flowers (the Manager of Campaign Finance for the Wayne County Clerk's Office), Kim Worthy (the Wayne County Prosecutor), Janice Winfrey (the Detroit City Clerk), the Detroit Election Commission, and the Detroit Department of Elections.

1

(*See* Am. Compl., ECF No. 34.) Defendants Winfrey, the Detroit Election Commission, and the Detroit Department of Elections were not named in Anders' initial Complaint. In the Amended Complaint, Anders does not bring any new claims against any of the initial Defendants. Nor has Anders brought any claims against any of the newly added Defendants. Instead, the Amended Complaint includes several new claims by the new Plaintiffs.

The Court has reviewed the Amended Complaint and has serious concerns about the joinder of the Plaintiffs, the joinder of the Defendants, and the joinder of the various claims that, on their face, appear to have little or nothing to do with one another. Indeed, many of the claims in the Amended Complaint appear to be related to different wrongs committed against different Plaintiffs by different Defendants.

With respect to the joinder of the various Plaintiffs, it does not appear that all Plaintiffs assert a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. Rule Civ. Proc. 20(a)(1)(A). Nor does it appear that there is a "question of law or fact common to all Plaintiffs" in this action. Fed. Rule Civ. Proc. 20(a)(1)(B).

With respect to the joinder of the various Defendants, it does not appear that "any right to relief is asserted against [the Defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series

of transactions or occurrences." Fed. Rule Civ. Proc. 20(a)(2)(A). Nor does it appear that there is a "question of law or fact common to all Defendants" in this action. Fed. Rule Civ. Proc. 20(a)(2)(B).

Finally, with respect to the joinder of the various claims, it it is not clear how claims that arise out of different wrongs that occurred on different dates by different Defendants against different Plaintiffs that arise under different laws and different factual circumstances can be properly joined in a single action. Simply put, many of the claims appear wholly independent of one another and appear to be more properly brought in their own action.

Accordingly, the Court **ORDERS** Plaintiffs, by no later than **August 14, 2020**, to explain in detail, and with supporting citations to case law and other authority, why the parties and claims in the Amended Complaint are properly joined. In that response, Plaintiffs shall explain, among other things: (1) how each Plaintiff is properly joined to each other Plaintiff under Federal Rules of Civil Procedure 20(a)(1)(A) and 20(a)(1)(B), (2) how each Defendant is properly joined to each other Defendant under the Federal Rules of Civil Procedure 20(a)(2)(A) and 20(a)(2)(B), and (3) how each claim, on a claim-by-claim basis, is properly joined to each other claim under the Federal Rules of Civil Procedure. Plaintiffs shall conduct this analysis on a claim-by-claim, and party-by-party basis.

Defendants may file a response to Plaintiffs' response to this order by no later than **August 21, 2020**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764