UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE ANDERS and
ROBERT DAVIS,

    Plaintiffs,

v.

JOCELYN BENSON *et al.*,

    Defendants.

Case No. 20-cv-11991
Hon. Matthew F. Leitman

_____/

### ORDER DISMISSING COUNT V OF SECOND AMENDED COMPLAINT WITHOUT PREJUDICE

On August 12, 2020, Plaintiffs Shane Anders and Robert Davis filed a five-count Second Amended Complaint against various Defendants. (*See* Sec. Am. Compl., ECF No. 48.) The Second Amended Complaint includes four claims purportedly brought under federal law (Counts I-IV) and one mandamus claim brought under Michigan law (Count V). In the sole state-law claim, Plaintiff Anders asks the Court to "[i]issue a writ of mandamus" pursuant to Mich. Comp. Laws § 168.848 compelling Defendant Kym Worthy, the current Wayne County Prosecutor, to file a "postelection campaign statement" as required under Michigan law. (*See id.* at ¶¶ 149, 158, PageID.542, 545.)

As Anders acknowledges, his state-law mandamus claim falls within the Court's supplemental jurisdiction under 28 U.S.C. § 1367. (*See id.* at ¶148, PageID.542.) That statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

1

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (internal quotation marks omitted) (affirming district court's refusal to assert supplemental jurisdiction). Indeed, district courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999). "District courts may decline to exercise supplemental jurisdiction over a claim" where:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). This "statute [] reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks omitted).

The Court exercises its "broad discretion" to decline to exercise supplemental jurisdiction over Anders' state-law mandamus claim for two primary reasons. First, the interest in comity weighs heavily against exercising jurisdiction over the claim. The claim relates to the manner and processes through which the State of Michigan and its elected officials administer and participate in elections for local government offices. This state-law dispute over state electoral matters is best decided by a state court. Second, retaining jurisdiction over the claim would undermine, not enhance, judicial efficiency because the claim arises out of distinct facts and is governed by different law than the claims Plaintiffs purport to bring under federal law. Notably, Prosecutor Worthy is not named as a Defendant in any other Count in the Second Amended Complaint.

Anders counters that the Court should exercise supplemental jurisdiction over his state-law mandamus claim, but his arguments are not persuasive. Anders says that if he has to re-file his mandamus claim in state court, that claim will be assigned to Judge Timothy Kenny pursuant to a Wayne County Circuit Court Local Administrative Order.[1] (*See* Resp. to Show Cause Order, ECF No. 33, PageID.305.) Anders points out that Judge Kenny is a Defendant in this action. (*See id.*) And he notes that, in a different case, Judge Kenny rejected legal arguments similar to those underlying his mandamus claim. (*See id.*, PageID.305-306.) Anders thus insists that Judge Kenny "has already prejudged the merits of any election case [that Anders] may file" and that dismissal of his mandamus claim would "require[]" him "to go before a biased decisionmaker." (*Id.*, PageID.305-306.)

---

[1] In Count III of the Second Amended Complaint, Anders challenges the constitutionality of this administrative order.

3

Anders has not shown that Judge Kenny is biased. Anders has not cited any legal authority to support his contention Judge Kenny's prior rulings in a different case – even one in which Judge Kenny rejected similar arguments and/or claims – renders Judge Kenny unable to fairly preside over Anders' mandamus claim. There is legal authority to the contrary. *See, e.g.*, 32 Am. Jur. 2d Federal Courts § 85 ("An allegation that a judge is not impartial because he or she ruled in an adverse manner in similar cases is insufficient to require the judge's disqualification."); *McNally v. American States Ins. Co.*, 382 F.2d 748, 752 (6th Cir. 1967) (district judge's legal rulings in earlier related litigation did not amount to disqualifying bias). Nor has Anders cited any legal authority to support his contention that Judge Kenny is biased because Anders has named Judge Kenny as a Defendant in this action and has criticized Judge Kenny in his pleadings filed here. And it seems unlikely that a litigant could establish a judge's bias by suing and criticizing the judge. Moreover, and in any event, if Anders ever could persuasively show Judge Kenny's bias, he would be able to secure Judge Kenny's recusal by filing a motion under Michigan Court Rule 2.003(C). Anders has not shown any likelihood that by declining to exercise supplemental jurisdiction over his mandamus claim, this Court is subjecting him to a biased decisionmaker in state court.[2]

---

[2] Anders suggests that disqualifying Judge Kenny would not be enough because in the event of such a disqualification, his mandamus action would be re-assigned to a different Judge of the Wayne County Circuit Court, and they are all unfairly biased in favor of Prosecutor Worthy. The unfair bias of the entire Wayne County Circuit Court bench, Anders argues, stems from the fact that roughly sixteen years ago, a majority of the Judges of that court voted to install Worthy as Wayne County Prosecutor (when the elected prosecutor resigned). (*See* Resp. to Show Cause Order,

4

For all of these reasons, the Court declines to exercise supplemental jurisdiction over Anders' state-law mandamus claim (Count V of the Second Amended Complaint). The Court therefore **DISMISSES** that claim **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

ECF No. 33, PageID.307-308.)  That argument has no merit.  There is no reason to believe that any Wayne County Circuit Judge who voted to install Prosecutor Worthy so many years ago is now biased in her favor.  And in any event, there has been substantial turnover in the makeup of the Wayne County Circuit Court since Worthy's installation as Wayne County Prosecutor, and thus there are many current Wayne County Circuit Judge who did not vote on her initial installation.

5