UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

     Plaintiff,

v.

JOCELYN BENSON,

     Defendant.

Case No. 20-cv-11991
Hon. Matthew F. Leitman

_____/

## ORDER (1) ADJOURNING SCHEDULED HEARING AND (2) REQUIRING THE PARTIES TO FILE SUPPLEMENTAL BRIEFS

On November 9, 2020, Plaintiff Robert Davis filed a Third Amended Complaint in this action. (*See* Third Am. Compl., ECF No. 84.) Davis alleges that he wanted to work in concert with other individual citizens to prepare and distribute anonymous political literature prior to the November 2020 general election that was critical of Wayne County Prosecutor Kym Worthy and others. (*See id.* at ¶¶ 76-78, ECF No. 84, PageID.1615-1616.) But Davis says that a Michigan campaign finance law, Mich. Comp. Laws § 169.247 (the "Disclosure Statute"), "ma[de] it a crime" for him to "to print and distribute [the] anonymous campaign literature" in conjunction with other citizens. (*Id.* at ¶87, PageID.1618.) Davis further claims that Defendant Jocelyn Benson, the Michigan Secretary of State, "has the statutory duty to enforce" the Disclosure Statute, and he says that Benson was "prepared to enforce

1

the criminal penalties" of the Disclosure Statute against him if he distributed his anonymous literature. (*Id.* at ¶¶ 92-93, PageID.1619-1620.) Davis insists that the Disclosure Statute is unconstitutional and violates his First Amendment rights.

Benson has now moved to dismiss Davis' Third Amended Complaint. (*See* Mot., ECF No. 87.) She argues that Davis has failed to state a cognizable claim under Federal Rule of Civil Procedure 12(b)(6). (*See id.*) She also argues that the Disclosure Statute is constitutional, that Davis' claims are moot, and that he has unclean hands. (*See id.*) Davis opposes the motion. (*See* Davis Resp., ECF No. 91.) Benson did not file a reply. The Court set a hearing on the motion for June 29, 2021. (*See* Notice of Hearing, ECF No. 92.)

The Court has reviewed the briefing in preparation for the scheduled motion hearing. In the briefing, neither party has presented a comprehensive analysis of the body of case law analyzing statues like the Disclosure Statute (*i.e.*, statutes that require the disclosure of the name and address of the person paying for the speech at issue). Benson has cited two United States Supreme Court cases that do not squarely address the precise legal issue before the Court and one Sixth Circuit decision from 1997 that is more closely on point, and Davis has cited no authority that directly addresses the constitutionality of a statute like the Disclosure Statute. Yet, there appears to be a body of case law that analyzes the constitutionality of campaign disclosure statutes like the Disclosure Statute. *See*, *e.g.*, *Majors v. Abell*,

361 F.3d 349 (7th Cir. 2004); *ACLU of Nevada v. Heller*, 378 F.3d 979 (9th Cir. 2004).[1]

Accordingly, the Court **ADJOURNS** the scheduled hearing on Benson's motion to dismiss and **DIRECTS** the parties to file supplemental briefs. In Benson's supplemental brief, she shall identify and discuss case law that analyzes the constitutionality of statutes *like the Disclosure Statute* and that support her position that the Disclosure Statute is constitutional. In Davis' supplemental brief, he shall address the authorities referenced in Benson's supplemental brief and identify and discuss any additional case law holding that statutes *like the Disclosure Statute* are unconstitutional. Benson shall file her supplemental brief by no later than **July 14, 2021**. Davis shall file his supplemental brief by no later than **August 4, 2021**. The briefs shall not exceed 15 pages each. Following the submission of the parties' supplemental briefs, the Court will re-schedule the hearing on Benson's motion to dismiss.

    **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN

Dated:  June 23, 2021       UNITED STATES DISTRICT JUDGE

---

[1] The Court does not mean to suggest that the cases cited above are controlling. The Court cites those cases as a signal to the parties that there is a body of case law – not adequately addressed by the parties – that appears to deal with the constitutionality of statutes like the Disclosure Statute. The parties are free to argue that the above-cited cases are neither relevant nor persuasive with respect to the issues before the Court.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764